IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| In re the Detention of: | No. 80534-7-I |
|---|---|
| T.S.,<br><br>Appellant. | ORDER DENYING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |

Appellant, T.S., has filed a motion for reconsideration of the opinion filed in the above matter on June 15 2020.  Respondent, State of Washington, has filed a response to appellant's motion.  The court has determined that appellant's motion for reconsideration should be denied, the opinion should be withdrawn, and a substitute opinion be filed.  Now, therefore, it is hereby

ORDERED that appellant's motion for reconsideration is denied.  It is further

ORDERED that the opinion filed on June 15, 2020, is withdrawn and a substitute opinion be filed.

_Andrus, A.C.J._

_Brunmer, J_                              _Chun, J._

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

|  | ) | No. 80534-7-I |
| In re the Detention of: | ) | |
| | ) | DIVISION ONE |
| T.S., | ) | |
| | ) | PUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |
| | ) | |

ANDRUS, A.C.J. — T.S. challenges the order revoking his less restrictive treatment under the Involuntary Treatment Act,[1] arguing it exceeds the statutory maximum commitment period allowable for most restrictive treatment. We affirm.

FACTS

T.S. suffers from schizoaffective disorder. On June 27, 2019, T.S. stipulated to the entry of an order for involuntary treatment under less restrictive alternative conditions for 365 days. See RCW 71.05.320(7). The order was set to expire on June 26, 2020.

On August 21, 2019, a designated crisis responder filed a petition to revoke the less restrictive order (LRO), alleging T.S. failed to comply with several of the LRO's conditions. After hearing testimony from a clinical supervisor and a social worker, the court found T.S. violated the LRO. It revoked the LRO, remanding T.S.

---

[1] Chapter 71.05 RCW.

Citations and pin cites are based on the Westlaw online version of the cited material.

to inpatient treatment "for a period not to exceed 365 days from June 27, 2019"—in other words, the remaining 10 months of the LRO.

T.S. appeals.

ANALYSIS

T.S. argues the order revoking the LRO exceeded the statutory maximum commitment period. T.S. contends while RCW 71.05.320(7) allows a court to enter an LRO of up to 365 days for any person previously committed for intensive inpatient treatment in a state hospital, RCW 71.05.320(1)(c) only permits involuntary commitment in an inpatient setting for up to 180 days. The State contends the duration of T.S.'s commitment is governed by RCW 71.05.590(4)(d), not by RCW 71.05.320(1)(c). The State has the better argument here.

Statutory construction is a question of law we review de novo, giving effect to the plain and ordinary meaning of the statute's language. In re Det. of R.H., 178 Wn. App. 941, 948, 316 P.3d 535 (2014). "'As civil commitment statutes authorize a significant deprivation of liberty, they must be strictly construed.'" Id. (quoting In re Det. of J.R., 80 Wn. App. 947, 956, 912 P.2d 1062 (1996)).

Under RCW 71.05.590(1), an agency or facility designated to monitor or provide services under an LRO may petition to revoke the LRO. If a petition to revoke is filed and, as a result, the court orders detention for inpatient treatment, "the treatment period may be for no longer than the period authorized in the original court order." RCW 71.05.590(4)(d).

Here, the original court order—the LRO—required that T.S. remain under court supervision under less restrictive conditions for 365 days from June 27, 2019. The challenged order remanded T.S. to most restrictive treatment for the same

amount of time as the LRO it revoked—"for a period not to exceed 365 days from June 27, 2019." It did not exceed the treatment period authorized in the original court order and, therefore, did not violate RCW 71.05.590(4)(d).

T.S. argues the court should harmonize RCW 71.05.590(4)(d) with the time limit of RCW 71.05.320 and limit the period of more restrictive treatment to 180 days, even when based on a revoked LRO. This argument is inconsistent with the plain language of RCW 71.05.590(4)(d) and would render a portion of that provision meaningless. We must construe statutes to give effect to all of the language and cannot construe them in a way that results in unlikely, absurd, or strained consequences. Mason v. Georgia-Pac. Corp., 166 Wn. App. 859, 870, 271 P.3d 381 (2012). The interpretation T.S. advances violates this rule of statutory construction.

T.S. also argues commitment orders can never exceed 180 days, and if the State wants to commit someone for longer than 180 days, it should file a new petition and bear the burden of proving a statutory basis for involuntary commitment. The only authority he provides for this proposition is In re Detention of Morgan, 180 Wn.2d 312, 330 P.3d 774 (2014). But that case mentions RCW 71.05.320 only in passing to distinguish Involuntary Treatment Act commitments from sexually violent predator commitments under Chapter 71.09 RCW. Id. at 322-23; see also RCW 71.09.010. Furthermore, it does not mention RCW 71.05.590 and the procedure for revoking LROs. By passing RCW 71.05.590(4), the legislature specifically authorized an order of commitment exceeding 180 days. T.S. fails to show the duration of in-patient treatment under these circumstances must be limited to 180 days.

- 3 -

Because the order revoking T.S.'s less restrictive treatment did not exceed the treatment period authorized in the original court order, we conclude T.S. has failed to show error.

Affirmed.

_Andrus, A.C.J._

WE CONCUR:

_Bruman, J_          _Chun, J._